UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LEIGHANNE DAVIS,<br><br>   Plaintiff,<br><br>– against–<br><br><br>ONE MAIN FINANCIAL,<br><br>   Defendant(s). | Civil Action No. 3:17-cv-169<br><br><br>**COMPLAINT** |

**COMPLAINT**

Plaintiff, Leighanne Davis, by her attorneys, hereby files this complaint against Defendant One Main Financial and states as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, et seq., (hereinafter "TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA.  The TCPA prohibits communications to consumers through the use of automatic telephone dialing systems or by artificial or prerecorded voice messages.

## PARTIES

2. Plaintiff, Leighanne Davis is an adult citizen of the state of Maryland domiciled in Frederick, MD.

3. Defendant, One Main Financial, is a for profit business entity organized and existing under the law of Indiana that is regularly engaged in the business of collecting debts in Indiana, with its principal place of business located at 601 NW 2nd Street, Evansville, IN 47708.

4. Defendant is subject to, and required to abide by, the laws of the United States, which include the TCPA and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

6. Venue is proper in Indiana pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Indiana.

## FACTUAL ALLEGATIONS

7. At all times pertinent hereto, Defendant made use of an automatic telephone dialing system to contact Plaintiff on her cell phone.

8. In an effort to collect on Plaintiff's debt, Defendant called Plaintiff on numerous occasions in the past few months.

9. At some point in July of 2017, Plaintiff requested Defendant to discontinue any further calls to her cell phone. However, the calls nevertheless continued to Plaintiff's cell phone.

10. Defendant was put on notice several times by Plaintiff to cease all collection calls to her cell phone.

11. As such, Defendant knew or should have known that its actions were inconvenient, harassing and oppressive to Plaintiff in violation of the TCPA.

12. Defendant knew or should have known that its actions violated the TCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the TCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **CLAIM FOR RELIEF**
(**Telephone Consumer Protection Act**)

15. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14 herein.

16. Defendant initiated a myriad of telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to Plaintiff's cellphone.

17. Defendant initiated these automated calls to Plaintiff's cellphone using an automated telephone dialing system, which had the capacity to store or produce telephone numbers using random or sequential number generator as defined by § 227(a)(1) of the TCPA.

18. Defendant delivered numerous calls to Plaintiff's cellphone without having Plaintiff's prior express consent, and therefore, willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2).

19. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally and absent express consent from the Plaintiff,

20. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff for actual damages, statutory damages and treble damages.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $35,000 be entered against Defendant as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 47 U.S.C. §227(b)(3);

(b) That judgment be entered against Defendant for statutory damages pursuant to 47 U.S.C. §227(b)(3); and

(c) That the Court grant such other and further relief as may be just and proper.

Dated: October 25, 2017

Respectfully Yours,

/s/ Andrew Homan
Andrew Homan, Esquire (Bar No. 31823-49)
andrew@homanlegal.com
*Counsel for Plaintiff*